```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

LYNN ARNIERI,                      )
                                   )
               Plaintiff,          )
                                   )
     v.                            )    No.  11 C 5374
                                   )
THOMAS M. CORNHOFF, etc.,          )
et al.,                            )
                                   )
               Defendants.         )
```

MEMORANDUM OPINION AND ORDER

Sherwin-Williams Company ("Sherwin-Williams") has filed a Notice of Removal ("Notice"), seeking to bring this action here from its place of origin in the Circuit Court of Cook County on diversity of citizenship grounds. Notice ¶5 effectively addresses the citizenship of the litigants:

> Sherwin-Williams is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Cleveland, Ohio. Defendant Thomas M. Cornhoff is a citizen of the State of Ohio, and resides in the City of Twinsburg. Plaintiff, Lynn Arnieri, is a citizen of the State of Illinois, residing in the City of St. Charles. As such, there is complete diversity of citizenship between the parties, pursuant to 28 U.S.C. §1332.

But this memorandum opinion and order is triggered by a serious question as to another facet of the removal syndrome--its timeliness.

In that respect, Notice Ex. B (a photocopy of the Complaint filed by plaintiff Lynn Arnieri ("Arnieri")) shows a filing date of March 21, 2011, with the Notice not having been filed until almost five months later (on August 9), well outside the 30-day

period prescribed by the first paragraph of 28 U.S.C. §1446(b):[1]

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,[2] or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

To escape that time limit based on the date of service, Sherwin-Williams' counsel looks instead to the second paragraph of Section 1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

In counsel's view the 30-day clock commenced ticking not on the April 1 date when Sherwin-Williams was served, but rather on July 12 (when Arnieri's counsel told Sherwin-Williams' counsel that the amount in controversy exceeded $75,000, Notice ¶6) or perhaps on July 25 (when discovery that had been undertaken in the Circuit Court produced an answer from Arnieri's counsel

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] [Footnote by this Court] As Notice ¶2 reflects, that occurred on April 1, 2011.

2

confirming that medical specials in excess of $73,000 had been incurred through June 10, 2011 (id.). That position, however, strikes this Court as excessively myopic.

For a number of years this District Court in fact had a local rule (then LR 81.2(a)) in place that dealt with the situation created by the Illinois statutory provision (75 ILCS 5/2-604) that forbids the inclusion of a specific ad damnum in a personal injury complaint. That LR required an express confirmation on the plaintiff's behalf that established, as a bright-line matter, the existence of the requisite amount in controversy.

After our Court of Appeals cast a cloud on LR 81.2(a) in the course of its decision in Rubel v. Pfizer Inc., 361 F.3d 1016, 1020 (7th Cir. 2004), the LR was repealed. But more importantly for present purposes, Rubel essentially reconfirmed both the literal and the common sense meaning of Section 1446(b) that it is defendant's burden, as the proponent of federal jurisdiction, who must establish its existence (Rubel, 361 F.3d at 1019).

To be sure, that principle is most often addressed by Courts of Appeals in the context of a plaintiff's challenge to the propriety of the defendant's original removal of a case, for that is the natural consequence of the prohibition contained in Section 1447(d), which bars appellate review of remand orders. But although that context typically poses the issue in terms of

3

the reasonableness of the defendant's determination that more than $75,000 is indeed in controversy, it is equally logical to read the first paragraph of Section 1446(b) as requiring the defendant to exercise reason in deciding at the outset whether the jurisdictional minimum is in controversy.

On that score, look at Complaint ¶10, as Sherwin-Williams should have done when it first received service of the Complaint:

> As a direct and proximate cause of one or more of the aforementioned careless and negligent acts or omissions on the part of the Defendants, THOMAS M. CORNHOFF and THE SHERWIN-WILLIAMS COMPANY, the Plaintiff, LYNN ARNIERI, suffered grave personal injuries, incurred and will incur in the future medical expenses, suffered and will suffer in the future great pain and suffering, lost the ability and will lose the ability in the future to participate in her normal daily activities, lost and will lose in the future income and was forced to expend and will spend additional money to address the injuries and damages sustained by the Plaintiff. The Plaintiff suffered injuries of a permanent nature and aggravation of her medical condition as a direct consequence of the carelessness and negligence of the Defendants, THOMAS M. CORNHOFF and THE SHERWIN-WILLIAMS COMPANY.

When that recital is coupled with Complaint ¶7's description of the collision that gave rise to the consequences described in Complaint ¶10, and coupled as well with the Complaint's prayer for relief (permissible under Illinois law) asking for "a sum of [sic] excess of $50,000.00 plus costs," Sherwin-Williams is hard put to argue that it was not on notice from the very outset that more than $75,000 was indeed in controversy.

For Sherwin-Williams to play ostrich in the face of those allegations, rather than removing the case within the 30-day period after its receipt of the Complaint (or, at a minimum, immediately seeking information as to the amount in controversy in time for a removal within that time frame--see, e.g., such cases as Andrews v. E.I. du Pont de Nemours & Co., 447 F.3d 510, 514-15 (7th Cir. 2006)), subverts both the meaning and the purpose of Section 1446's first paragraph. Hence the several-months-delayed removal effort was untimely.

Because tardiness in removal is not a subject matter jurisdictional issue, this Court is not in a position to order a remand sua sponte under Section 1447(c). Instead it has posed the matter in this opinion to see whether Arnieri's counsel wishes to move for a remand on that ground, as is permitted by the first sentence of Section 1447(c).[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: August 11, 2011

---

[3] In that regard, as Rubel, 361 F.3d at 1019 quotes from Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995):

> As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction--the grounds for remand recognized by §1447(c)--a court of appeals lacks jurisdiction to entertain an appeal of the remand order under §1447(d).